COOK *vs.* DAYTON, Replevin : SAME *vs.* SAME, Assumpsit.

APPEAL FROM POLICE JUSTICE OF HONOLULU.

HEARING, DEC. 11, 1889.    DECISION, DEC. 12, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON, DOLE, JJ.

On the 27th March, 1888, a voluntary deed was made by·Cayford to Cook, of personal property, upon certain trusts in favor of his, Cayford's, wife. A judgment was recovered by Colburn against Cayford, 25th April, 1889. Cayford was adjudged bankrupt Aug. 20, 1889, and defendant was appointed assignee. The action was by the Trustee to recover the property from the assignee in bankruptcy.

Held, that as Cayford was not indebted.to any one when he made the deed, and as Colburn did not become a creditor until after the deed was signed, the case falls within the principle of *Dowsett vs. Kapilau*, 3 Hawn., 709, that "a voluntary conveyance, not fraudulent in fact, is good as to subsequent creditors, though void as to antecedent creditors."

The deed held good, and judgment for plaintiff affirmed.

OPINION OF THE COURT, BY PRESTON, J.

This is an appeal from the decision of the Police Justice of Honolulu, whereby he gave judgment for the plaintiff in both the above cases.

On the 27th of March, 1888, Richard Cayford executed a voluntary deed, whereby he granted and transferred to John Cook the furniture, implements, utensils and tools of whatever description and kind then owned by Cayford, and being in or upon or in any way connected with that certain dwelling-house and lot then occupied by him situate on Alakea street, and also one brake and harness and one horse, said property being particularly specified in the schedule thereunder, upon certain trusts in favor of his (Cayford's) wife for her life. This deed was not recorded until the 10th of January, 1889. On the 17th of December, 1888, one Marcus K. Colburn commenced an action

in the Supreme Court against the said Cayford for the recovery of damages through the loss of a horse, alleged to have been occasioned by the malpractice of the said Cayford as a veterinary surgeon : a verdict was rendered in the said action on the 25th April, 1889, for the sum of three hundred ($300) dollars, which judgment was duly entered up and the amount is still unpaid. Cayford was adjudged bankrupt on his own petition on the 20th of August, 1889, and the defendant was appointed assignee on the 30th of the same month. At the time of the adjudication, the aforesaid brake and harness was in the custody of the Marshal under an attachment, and was delivered to the defendant. On the 24th of June, and before the bankruptcy, certain of the furniture comprised in the aforesaid deed was sold at auction by James F. Morgan, and the proceeds, amounting to one hundred and nineteen and 30-100 (119.30) dollars were paid on the demand of the defendant to him by Morgan. It appears from the testimony in the lower Court that at the time of the execution of the deed, Cayford was solvent and was not indebted to any person whatever. Cook, the trustee, never took possession of the property.

The defendant appealed from the decision of the Police Court on the following points of law : First, " Was not said trust deed in fraud of creditors and therefore void ? " Second, " Does not said deed come under the provisions of Section 1263 of the Compiled Laws, page 409? "

## By the Court.

It being admitted that Cayford, at the time of the execution of the deed, was not indebted to anybody, and Colburn not becoming a creditor of the bankrupt until after the deed was signed, this case falls within the principle of *Dowsett vs. Kapilau*, 3 Hawn., 709, where it is stated that : " The law is likewise plainly settled that a voluntary conveyance not fraudulent in fact is good as to subsequent creditors, though void as to antecedent creditors ; " we are therefore of the opinion that the deed is not a fraud as against the assignee in bankruptcy.

With regard to the second point, Section 1263 of the Compiled

Laws has no application to this case ; it merely requires mort-
gages of chattel property to be recorded ; this deed is plainly not
a mortgage. Had it been proved that the bankrupt was indebted,
at the time of the execution of the deed, to any person, our deci-
sion might have been different. We think that it might fairly
be contended that the deed was intended to defeat or delay credi-
tors. We look upon the deed with great suspicion, and regret
that under the circumstances of the case we are compelled to
sustain the decision of the Court below.

The judgment of the Court below is affirmed.

*W. O. Smith*, for plaintiff.

*A. Rosa*, for defendant.

